IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK HUGHES CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-605-WKW |
| | ) | [WO] |
| SERGEANT LASETER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on April 10, 2014, against Sergeant Laseter, Warden Mason, and Commissioner Kim Thomas.[1] He complains Defendant Laseter subjected him to verbal abuse on December 12, 2013, during his incarceration at the Bullock Correctional Facility in Union Springs, Alabama.[2] He requests that Defendant Laseter be suspended without pay for two weeks. He further seeks $10,000.00 in punitive damages from each name defendant. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[3]

---

[1] Plaintiff originally filed his complaint with the United States District Court for the Northern District of Alabama. By order entered May 30, 2014, the court in the Northern District transferred the complaint to this court for review and determination. *See Doc. Nos. 3, 4*.

[2] Plaintiff executed his complaint shortly before he was released from custody of the Alabama Department of Corrections on April 9, 2014. *See Doc. No. 2*.

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Verbal Assault*

Plaintiff reported to Sergeant Laseter at the Shift Commander's Office on December 12, 2013, whereupon she proceeded to verbally assault and threaten Plaintiff with her tone, gestures, extensive profanity, and threats of violence. Sergeant Laseter's actions, Plaintiff claims, were based on a phone call she received from someone who did not have Plaintiff's "best interests at heart." Plaintiff alleges the information conveyed to Sergeant Laseter in the phone call was false, but the matter was handled improperly and his treatment by Sergeant Laseter was, therefore, unjustified and cruel. *Doc. No. 1* at 3-4.

To state a viable claim for relief in a 42 U.S.C. § 1983 action the conduct complained of must have deprived Plaintiff of rights, privileges or immunities secured by the Constitution, and the deprivation must have occurred under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Derogatory, demeaning, profane, threatening, or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 Fed. Appx. 87, 92 (3rd Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present

actionable claims under § 1983."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (table) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse does not establish a cause of action under § 1983); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong and threatening to commit an act prohibited by the Constitution is not equivalent to doing the act itself); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986) (mere name-calling did not violate inmate's constitutional rights).

The conduct Plaintiff attributes to Defendant Laseter will not support a claim of violation of his constitutional rights. Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. Defendants Mason and Thomas*

Plaintiff names Warden Mason and Commissioner Thomas as defendants. A review of the complaint, however, reveals Plaintiff has stated no claim against these defendants. Though he names these individuals as defendants, he makes no specific allegations of wrongdoing against them in the body of his complaint. *See Doc. No. 1*. The court, therefore, concludes that Plaintiff's complaint against Defendants Mason and Thomas is due to be dismissed. *See Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district

court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that connect the defendants with the alleged constitutional violation); *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that **on or before July 7, 2014,** Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of June 2014.

  /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE